FIRST TRUST COMPANY OF LINCOLN, TRUSTEE, APPELLEE, V. IDA C. BLORE ET AL., APPELLANTS.

FILED APRIL 17, 1936. No. 29625.

*Herbert W. Baird, Fred C. Foster* and *Edward C. Fisher,* for appellants.

*H. J. Whitmore* and *H. B. Muffly, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

Defendants Ida C. Blore and Walter L. Blore, wife and husband, appealed from a decree of foreclosure because it did not (1) allow them a certain credit for $1,900.37, and (2) did not uphold their claim to a release of certain saline lands (which were included as collateral security to the bonds and mortgage upon city property) when the total mortgage should be reduced to $17,500.

December 27, 1930, the Blores executed and delivered to the Lincoln Safe Deposit Company 48 notes, totaling $24,-000 or $500 each, due two at a time each six months beginning June 27, 1931, until June 27, 1935; the remainder of the bonds becoming due December 27, 1935. The bonds were secured by a mortgage on Lincoln property. They were also further secured by collateral described in the bonds as an assignment of a certain saline land sale certificate of 160 acres in Lancaster county. If any defaults occurred as to the bonds, the Lincoln Trust Company was authorized by both parties as trustee for the bondholders to declare the whole amount payable and to proceed to collect by foreclosure or otherwise.

July 9, 1932, both Lincoln Safe Deposit Company and Lincoln Trust Company were duly adjudged bankrupts, and later L. A. Ricketts was appointed trustee of their estates. July 21, 1932, plaintiff was appointed as successor-trustee to both companies in relation to the bonds and mortgage here involved, duly qualified, and is here acting as such.

On May 9, 1931, Sanitary District No. 1 of Lancaster county, without exercising its right of eminent domain, took an easement through a portion of the saline land farm for its drainage ditch. It dealt with the Lincoln Safe De-

posit Company and the Blores. The Blores gave a deed for an easement for a ditch through the land. The Lincoln Safe Deposit Company released the mortgage as to the land covered by the easement, for a consideration of $5,300, which was paid in the first instance by an order of the district, dated May 23, 1931, drawn by its chairman and secretary on the county treasurer in favor of the grantors. This order was indorsed by the Blores and by Lincoln Safe Deposit Company and Lincoln Trust Company, was deposited in the First National Bank, and was stamped paid on June 2, 1931. So the Lincoln Safe Deposit Company actually got the money.

Elinor Elder, who from 1922 was secretary to Mr. Carlsen, the president, and assistant secretary of Lincoln Safe Deposit Company and Lincoln Trust Company, and continued with the trustee in bankruptcy, testified as to the $5,300 item. She brought on the witness-stand, from the custody of the trustee, the ledger sheet of the Lincoln Safe Deposit Company. She testified that the Lincoln Safe Deposit Company, for the $5,300, issued to Walter L. Blore a "certain check," which was really an order on the First National Bank, dated November 3, 1931, for $2,000, and another "cashier's check" on the same day to the same bank, drawn to the order of "Ourselves (Blore)" for $3,300; that the $2,000 check was never credited to the ledger sheet, but that the $3,300 was credited by showing on the ledger sheet the payment of interest due December 27, 1931, $454.98, principal due December 27, 1931, $1,000, and paid on principal and interest, $1,845.02, a total of $3,300. So there was satisfactory evidence that the Blores got credit with the Lincoln Safe Deposit Company for $3,300 paid them out of the $5,300 paid by Sanitary District No. 1 of Lancaster county. As to the $2,000 balance, the check or order shows that it was indorsed by Walter L. Blore, the payee, was paid through the clearing house to the Continental National Bank, where Blore either deposited or cashed it November 4, 1931, and was paid November 4, 1931, by First National Bank, on which it was drawn. The witness testi-

fied the $2,000 was never thereafter credited on the ledger sheet. The inference is that Blore used it. This satisfactorily accounts for the $5,300 received from the Sanitary District for the right of way.

Walter L. Blore was a witness. He testified that Mr. Carlsen told him he would not be allowed to take all of the money received from the Sanitary District, but that the bondholders would get a part of it and he the rest. The witness could not remember just how it would be divided. This corroborated Miss Elder and the ledger sheet. He got the $2,000 and it was never used to pay the bondholders and so cannot be charged to the amount due them on this foreclosure.

In their answer defendants Blore alleged that $1,900.37 of the proceeds of the Sanitary District money still remained in the hands of the Lincoln Trust Company, but we have traced that particular money and have shown that $3,300 of it was paid to the bondholders and $2,000 was taken by Blore. It is true one can find from the ledger sheet that Blore's credits exceed his debits by $1,900.37, but no evidence charges the bondholders of the present plaintiff with that amount as applicable to the payment of the mortgage under foreclosure. That balance, if it be a true balance arising out of transactions between the Blores and the Lincoln Safe Deposit Company, may have arisen out of something other than the mortgage. Until it is clearly shown, it cannot be credited here. The trial court did not err on this point.

Defendants Blore claim a right to a surrender of the saline land contract when the mortgage shall have been reduced to $17,500, and that the court erred in not putting such a provision in the decree. In each of the bonds issued, the saline land was expressly made security. There was no limitation in the language. It must be considered security until every bond is paid, unless this security should be released by authority competent to do it. There was found in the files an unsigned paper which, if signed by the president, would have purported to be an agreement of the Lincoln

Safe Deposit Company to execute a release of the assignment of the saline land certificate when the mortgage was reduced to $17,500. The evidence is incompetent to prove that any such agreement was ever made and that it is binding on plaintiff or on the bondholders whose mortgage is being foreclosed.

The judgment of the district court is

AFFIRMED.